FILED
SUPERIOR COURT
OF GUAM

2024 APR 17 AM 9: 44

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>NICHOLAS WAYNE MOORE,<br><br>Defendant. | CRIMINAL CASE NO. **CF0313-21**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 31, 2024, for hearing on Defendant Nicholas Wayne Moore's ("Defendant") Motion for Court to Compel Attendance of Eric Salone at Trial or in the Alternative Motion to Dismiss filed November 15, 2023 and Motion to Dismiss, to Compel Appearance of Salone, for Disqualification, to Compel *Brady* and Other Evidence and for Evidentiary Hearings filed December 11, 2023. Present were Assistant Attorney General Sean E. Brown on behalf of the People of Guam ("the Government") and Defendant with counsels David J. Lujan, Michael F. Phillips, and William L. Gavras. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with (1) two counts of Aggravated Assault (As a Second Degree Felony) with attached Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) one count of Terrorizing (As a Third Degree Felony) with attached Special Allegation: Deadly Weapon Used in the Commission of a Felony); and (3) one count of Possession of an Unregistered

Firearm (As a Third Degree Felony). (Am. Superseding Indictment, Jun. 13, 2022). The original Superseding Indictment in this matter also charged a co-actor, Eric Benjamin Salone ("Salone"), with (1) Aggravated Assault (As a Second Degree Felony) – 2 Counts with Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) Terrorizing (As a Third Degree Felony) with Special Allegation: Deadly Weapon Used in the Commission of a Felony; and (3) Possession of a Firearm Without a Firearms Identification Card (As a Third Degree Felony).[1] (Superseding Indictment, Mar. 24, 2022). The defendants were subsequently severed for trial. *See* Order, May. 20, 2022 (granting an oral stipulation for severance of defendants). On June 16, 2022, Salone plead guilty to Possession of a Firearm without a Firearms Identification Card (As a Third Degree Felony) and Discharge of Firearms (As a Misdemeanor) pursuant to a deferred plea agreement with the Government. *See* Deferred Plea Agreement in CF0313-21-01, Aug. 11, 2022. The Deferred Plea Agreement includes a cooperation provision with the Government. *Id.*

Defendant Moore's Jury Selection and Trial commenced on the Amended Superseding Indictment June 15, 2022 and continued throughout the fall of 2022 before Judge Alberto E. Tolentino. Salone testified at trial during the Government's case in chief on August 22, 2022, August 23, 2022, August 24, 2022, August 25, 2022, September 6, 2022, September 15, 2022, and October 10, 2022.[2] At the conclusion of Salone's testimony on October 10, 2022, Attorney Lujan indicated that he would subpoena Salone if needed for recall. (Digital Recording at 2:33:29, Oct. 10, 2022).

On November 9, 2022, the court adjourned trial until January 10, 2023, to allow trial jurors an opportunity to travel over the holidays. At this point in trial, Defendant was conducting his cross-examination of Government witness Brian Mendiola. Judge Tolentino was unable to

---

[1] These charges are reflected as charges four to six in the Superseding Indictment. (Superseding Indictment, Mar. 24, 2022).

[2] On October 4, 2022, the court granted the Government's Motion to Bar Further Cross-Examination of Salone by Defendant, finding that "defense counsel has already impeached Salone several times and presented to the jury Salone's potential lack of credibility" and that "based on Attorney Lujan's representations on August 25, 2022 and September 6, 2022, Attorney Lujan had sufficient time to finish his cross-examination." *See* Dec. & Order, Oct. 10, 2022.

resume trial on January 10, 2023, due to medical issues that developed throughout the holiday break.

On January 23, 2023, Judge Arthur R. Barcinas granted Defendant's January 9, 2023 Motion for a Mistrial.[3]

On May 15, 2023, Jury Selection and Trial commenced for the second time before Judge Tolentino.[4] After four days of jury selection, Defendant filed a Motion for Mistrial. *See* Mot. Mistrial Resulting from Violations Banning Media Coverage and Public Access, and Failure to Maintain an Open Court and Public Trial, May 19, 2023. In light of the Motion, the fifth day of jury selection was cancelled.[5]

On October 3, 2023, Defendant filed a Reassertion of Speedy Trial.

---

[3] Judge Barcinas presided over the matter in a case management role to address housekeeping issues.

[4] After a mistrial was declared in January 2023, the matter was subsequently presided over by Judge Maria T. Cenzon and Judge John C. Terlaje until Judge Tolentino's return to the bench on May 15, 2023. *See* Notice of Judge Assignment, Jan. 23, 2023 (Judge Cenzon assigned); Notice of Judge Assignment, Mar. 9, 2023 (Judge Tolentino re-assigned); Am. CTS Order, Mar. 13, 2023 (signed by Judge Terlaje for Judge Tolentino). Judge Elyze M. Iriarte also briefly presided over this matter after Defendant's re-assertion of speedy trial on May 5, 2023. *See* Notice, May 5, 2023; Minute Entry, May 8, 2023. The matter did not proceed to trial before Judge Iriarte, however, in light of the Government's withdrawal of its waiver of Judge Iriarte's conflict of interest after the Pre-Trial Conference on May 8, 2023.

[5] It is not entirely clear to the Court how the May 19, 2023 Motion and the May 15, 2023 jury venire were subsequently addressed. On May 18, 2023, the day before the filing of the Motion, the jury venire was instructed to return for continued selection the following day at 9:00 a.m. (Minute Entry, May 18, 2023). The May 19, 2023 selection was later vacated in the Court's case management system with a note "by Court (Motion filed)". No further hearing was calendared until the filing of Defendant's Ex Parte Motion for Release with Conditions on June 2, 2023. At the Motion Hearing on June 5, 2023, Defendant was released back on electronic monitoring and a Status Hearing was set for August 8, 2023. On June 5, 2023, Defendant also waived his right to a speedy trial. The Court notes that the Judiciary of Guam was closed for business upon the declaration of COR 2 by *I Maga'hågan Guåhan* on May 21, 2023, in light of Typhoon Mawar approaching the Mariana Islands, and was only opened for limited court-related services and urgent proceedings on May 30, 2023. *See* ADM23-003, May 21, 2023; ADM23-004, May 29, 2023. The Supreme Court of Guam subsequently directed certain urgent matters to continue to be scheduled and heard and for all other matters, including criminal and civil trials, to be rescheduled until June 9, 2023. *See* ADM23-005, May 30, 2023; ADM23-006, Jun. 2, 2023. On October 16, 2023, at the start of Jury Selection, Attorney Phillips inquired with the court about the status of the Motion and the jury venire from May. (Digital Recording at 9:15:58, Oct. 16, 2023). Judge Tolentino indicated he believed the Motion for Mistrial was withdrawn. *Id.* at 9:16:48. Judge Tolentino also informed the parties that he had discharged the jury venire from May. *Id.* at 9:17:50 ("The jury commissioner asked the court you know are we still going to keep them because they're kind of in limbo and I said no. We'll go ahead and discharge them.").

*People v. Moore*
Case No. CF0313-21
Decision and Order

On Monday, October 16, 2023, Jury Selection and Trial commenced for the third time. A jury of twelve and four alternates was empaneled the following day, however, the matter did not immediately proceed to opening statements and witness testimony.

On November 15, 2023, Defendant filed a Motion for Court to Compel Attendance of Eric Salone at Trial or in the Alternative Motion to Dismiss ("Motion to Compel"). On November 4, 2023, the Government filed its Opposition. On December 4, 2023, Defendant filed his Reply. On December 6, 2023, the Government also filed a Request for Leave to File a Surreply to Defendant's Ex Parte Motion to Compel Eric Salone to Testify at Trial or Dismiss the Case.

On December 11, 2023, Defendant filed a Motion to Dismiss, to Compel Appearance of Salone, for Disqualification, to Compel *Brady* and Other Evidence and for Evidentiary Hearings ("Motion to Dismiss"). On December 19, 2023, the Government filed its Opposition. On December 22, 2023, Defendant filed his Reply.

Both motions were scheduled to be heard before Judge Tolentino on January 8, 2024.[6] The Motion Hearing did not go forward before Judge Tolentino, however, in light of a Statement of Objection filed by Defendant that day.

On January 18, 2024, this matter was re-assigned to this Court. *See* Notice of Judge Assignment, Jan. 18, 2024.

On January 31, 2024, the Court heard arguments on the motions and subsequently placed the matters under advisement.

On April 9, 2024, this Court granted Defendant's October 17, 2023 Motion for a Mistrial and discharged the October 2023 jury. *See* Order re: Defendant's Oct. 17, 2023 Mot. Mistrial, Apr. 9, 2024; Minute Entry, Apr. 9, 2024.

On April 15, 2024, Defendant re-asserted his right to a speedy trial. Jury Selection and Trial is currently set to commence on April 30, 2024.

---

[6] The first Motion was scheduled to be heard on December 14, 2023. The hearing was rescheduled upon request of Defendant. *See* Ex Parte Unopposed Motion to Move Motion Hearing, Dec. 13, 2023.

## DISCUSSION

Defendant moves the Court to compel the Government to secure the attendance of Eric Salone at trial as he is a necessary witness or to dismiss the case in the alternative. *See generally,* Mot. Compel, Nov. 15, 2023. After testifying in the 2022 trial, Salone relocated to the mainland United States and is no longer able to be served a subpoena under Guam law.[7] *See* 8 G.C.A. § 75.25 ("A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the territory of Guam."). Defendant sets forth that "[b]ecause Salone is currently on probation resulting from a plea agreement that requires him to testify in this case, both this Court and the prosecution have coercive power over Salone sufficient to force him to travel to Guam for trial." (Mot. Compel at 7). Defendant argues that his "interest in having the jury observe Salone implicates whether Defendant will receive a fair trial under both the Due Process Clause of the Fifth Amendment and the right to compulsory process under the Sixth Amendment" and that it "also implicates his rights under the Sixth Amendment's guarantee to the right of confrontation. *Id.* at 9-10. Defendant requests an order stating that "if Salone does not appear at trial, he will be found in breach of his plea agreement and the terms of his probation, and that the Court will make such a finding and impose appropriate sanctions." *Id.* at 11.

After the filing of the November 15, 2023 Motion to Compel, "Defendant's counsel learned that the government was complicit in removing Salone from Guam." (Mot. Dismiss at 2, Dec. 11, 2023). In light of this, Defendant filed a second motion on the issue, requesting the following relief:

1. This matter should be dismissed with prejudice as a sanction for flagrant, continuing, and prejudicial prosecutorial misconduct.

2. If this matter is not dismissed, the government should be order[ed] to produce Salone at trial and at its own expense as it is responsible for allowing Salone to leave island. In the alternative to an order that the government incur the

---

[7] Bill No. 155-37 introduced by Senator William A. Parkinson proposes to add the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings to Title 8 Guam Code Annotated, but is still pending before Legislature. A Public Hearing on the bill was heard on January 8, 2024.

expense, Defendant will pay for Salone's flight to and from Guam will provide room, board and a per diem to Salone while on Guam for Defendant's trial.

3. An evidentiary hearing should be held to determine to what extent the government is culpable in Defendant not being able to secure Salone's appearance at trial and what efforts the government has made to secure Salone's appearance at trial.

4. An evidentiary hearing should be held to determine which and to what extent employees of the Attorney General's Office violated their duty of candor. Any employee found to have violated their duty of candor should be disqualified from this prosecution.

5. A hearing should be held to determine if the government has sufficiently justified its representation to Judge Cenzon that Salone's testimony was so untruthful that the government's conscience cannot tolerate calling Salone as a witness in either this prosecution or in *People v. Moore,* CF0314-23.

6. The government should be ordered to identify, line by line, 1) which parts of Salone's transcripts contain untruthful statements, 2) what the truth is, 3) when the government learned of this truth, 4) how the government learned of this truth, and 5) why the government has not previously provided this information to the Defendant.

*Id.* at 19. Defendant argues that the Government violated its duty of candor because (1) it failed to object to Salone's December 20, 2022 request to relocate to the mainland, (2) it represented to the Court that Salone complied with his terms of probation, (3) it did not ask the court to continue the December 20, 2022 hearing so that counsel for Defendant could be present, (4) subsequent to the December 20, 2022 hearing the Government has represented that Salone did not testify truthfully, (5) the Government represented to Judge Cenzon in CF0314-21 that it will not call Salone as a witness because of his untruthful perjurious testimony in CF0313-21, (6) the Government represented to the court in the December 20, 2022 hearing that Salone testified truthfully, and (7) the Government has failed in its duty to inform the court that Salone gave false testimony which is a violation of his plea agreement. (Mot. Dismiss at 4-9).

The Government opposes both motions. As to the first Motion, the Government argues that "Defendant would suffer no prejudice by Salone's unavailability to testify at trial. The Defendant can introduce into evidence Salone's testimony from the first trial because Salone

qualifies as an unavailable witness under GRE 804(a)(5)." (Opp'n at 3, Nov. 29, 2023). The Government further argues that the introduction of Salone's testimony from the first trial would not violate his rights because the "Defendant had an opportunity to ask those [questions that are vital to his defense] and any other questions related to his defense . . . when he examined Salone at the first trial," *id.* at 2, and the court "already ruled that the probative value of the additional questions the Defendant wants to ask Salone is outweighed by considerations of waste of time and needless presentation of cumulative evidence." *Id.* at 3. As to the second Motion, the Government argues that (1) Defendant failed to provide an adequate basis for an ex parte motion; (2) that it has reached out to Salone's attorney to see if he would be willing to come back to Guam to testify; and (3) it has "committed no misconduct or intentionally violated Defense's rights under the confrontation clause." (Opp'n at 2, Dec. 19, 2023).

"[D]ismissal of an indictment is inappropriate absent flagrant and prejudicial prosecutorial misconduct." *People v. Naich,* 2013 Guam 7 ¶ 33 (quoting *United States v. Jacob,* 855 F.2d 652, 655 (9th Cir. 1988)).

> [A] court has two available theories for dismissing an indictment on the basis of prosecutorial misconduct: if the government's actions are so extreme as to constitute a violation of due process or, if not rising to that level, under the court's supervisory powers. Under the second theory, the court is empowered to act "to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct. Dismissal for these reasons is only proper in cases of flagrant prosecutorial misconduct.

*Id.* (internal citations and quotation marks omitted).

**A. The December 20, 2022 Progress Hearing in CF0313-23-01**

As much of Defendant's Motion to Dismiss stems from Salone's December 20, 2022 hearing, the Court finds it necessary to go through what occurred at the hearing. Defendant asserts several things occurred at the hearing, including that (1) the main subject was Salone's counsel's request that Salone be permitted to relocate to the mainland; (2) the Government represented to the Court that Salone had complied with the terms of his probation; (3) the Government

represented that Salone testified truthfully at trial; and (4) the Government should have asked for a continuance. *See* Mot. Dismiss at 4-9.

The December 20, 2022 hearing was calendared as a Progress Hearing for Salone before Judge Tolentino. According to the Court's case management system, a Progress Hearing was initially set for October 18, 2022 after Salone changed his plea on June 16, 2022. The October 18, 2022 Progress Hearing, however, was rescheduled to December 20, 2022 due to an ongoing trial. There is no filed Notice of Hearing in the system, so the Court is unaware at this time how parties were notified of the hearing. Present at the December 20, 2022 hearing before Judge Tolentino were Salone with counsel, F. Randall Cunliffe, Assistant Attorney General Sean Brown on behalf of the People of Guam, and Probation. (Minute Entry (CF0313-21-01), Dec. 20, 2022). At the hearing, Probation advised the court that Salone completed all his conditions and that the only thing pending was restitution. (Digital Recording at 2:12:53 (CF0313-21-01), Dec. 20, 2022). When asked about the issue of restitution, AAG Brown indicated that there was difficulty in finalizing it with the victim because trial was ongoing:

> COURT: Excellent, excellent job Mr. Salone. He's completed everything. Only pending item is the restitution amount. Did we liquidate that amount Mr. Brown?
>
> AAG BROWN: Your Honor, I don't, I don't think we did. If I think about it there might have been some compensation by criminal injuries compensation and I was waiting for the victim to kind of finalize things for us but because we're in trial actively it's kind of hard to talk to the victim. So, I think we might need to come back. Plus, I think the defendant only plead guilty recently so I don't think there's a problem with continuing this for a few more months to see where we're at. If it's just restitution we can move that to collections court if that's all that's left, but once a substantial period of time has gone by.

*Id.* at 2:13:13. The court then placed Salone on unsupervised probation, without objection from AAG Brown or Attorney Cunliffe:

> COURT: Okay, Mr. Salone, you did your end, you did your part of the deal. The only thing that's left to work out is the payment of restitution. The court is going to relieve you of your obligation to check in okay. It will be an unsupervised period of time until we get that restitution dollar amount ordered, okay.
>
> SALONE: Yes, Your Honor. Thank you.

COURT: So yeah, just don't get in trouble again. We will notice you for another hearing once we get the dollar amount, if any, of restitution, okay?

SALONE: Yes, Your Honor. Thank you.

*Id.* at 2:15:05. The following month, counsel for Salone submitted an Order for Return of Defendant's Passport on January 18, 2023, which was signed by Judge Tolentino and filed on January 24, 2023.

In light of the above, the Court does not find that the Government failed to object to Salone's request to relocate to the mainland on December 20, 2022, because one was not formally made on the record at that hearing. The Court further does not find that the Government represented to the court at the December 20, 2022 hearing that Salone complied with his terms of probation or that it represented to the court that Salone testified truthfully at trial. Rather, it appears that probation advised the court that Salone completed all his conditions of probation and that it was the presiding court itself that told Salone *"you did your part of the deal."* There was no specific statement that Salone testified truthfully at trial by the Government at the hearing. The Government did not comment on the veracity of Salone's testimony at trial. The Government noted that Salone had only recently changed his plea and asked for the matter to be brought back in a couple of months to address restitution. Both the Government and the presiding court noted that trial was still ongoing. Therefore, the Court does not find the Government violated its duty of candor at the hearing nor does it find the Government committed "flagrant prosecutorial misconduct" and will not dismiss this matter under that basis.

**B. Salone's Deferred Plea Agreement in CF0313-21-01**

Although Salone was placed on unsupervised probation by the court presiding over his case in CF0313-21-01, the Court notes that his deferred probationary term does not expire until June 2025. Salone's deferred probation term is for a period of three (3) years. *See* Deferred Plea Agreement (CF0313-21-01), Aug. 11, 2022. As he changed his plea in June 2022, the court technically still has jurisdiction over Salone until June 2025. Salone's plea agreement provides in relevant part:

Pursuant to this agreement, Defendant shall, in good faith, cooperate with any investigation by the government into the events described in the Indictment and

related police report for CF0313-21 and GPD Report No. 20-25884. Defendant shall make himself available to be interviewed by any law enforcement officer, law enforcement representative, and/or any agent of the Office of the Attorney General; which requirement shall be accomplished by providing his Probation Officer with complete and accurate contact information and complying with a continuing duty to update his contact information. A willful effort to avoid detection by the above referenced government entities shall be considered a substantive violation of the terms of this agreement. *Defendant agrees that he shall testify truthfully and completely in **any matter requiring his testimony which is related to the aforementioned cases and police reports**.*

\*\*\*

If the Defendant fails to cooperate with police or the Office of the Attorney General in preparation of trial and at trial, then the deferred plea of guilty will be entered and the Defendant will be sentenced to serve up to four (4) years of incarceration at the Department of Corrections, Mangilao.

\*\*\*

*Defendant agrees to testify truthfully against his co-defendant, Nicholas Wayne Moore, at **any court proceeding**.*

(Deferred Plea Agreement at 5; 7; & 8 (CF0313-21-01)) (emphasis added). In light of these provisions, the Court finds that Salone may still be subject to testify at Defendant's trial in the instant matter. *See, e.g., Miles v. State,* 85 S.W.3d 907, 914 (Ark. 2002) ("Under the circumstances of the plea agreement in this case, we are not persuaded that the word 'trial' applies solely to the first trial that ended in a mistrial. Clearly, the intent of the parties was for the testimony to be used in a trial deciding the issue of guilt. Viewing the plain language of the agreement as a whole, we conclude that [the defendant] was obligated to give truthful testimony in a proceeding leading to an adjudication of the legal issues.").

### C. Salone's Trial Testimony in Fall 2022

The Court next turns to the issue of the Government's representations that Salone did not testify truthfully and whether or not the Government wants to call him as a witness. The Court notes that it has varying statements from different Assistant Attorney Generals and in different proceedings. Defendant sets forth statements made by now retired Assistant Attorney General J. Basil O'Mallan III before a different judge in a different matter involving Defendant and a

statement set forth in email from Assistant Attorney General Christine S. Tenorio, both of which discuss the issue of Salone having potentially committed perjury. *See* Mot. Compel at 2, Nov. 15, 2023; Mot. Dismiss, Dec. 11, 2023. At a July 31, 2023 Motion Hearing in CF0314-21[8] before Judge Maria T. Cenzon, AAG O'Mallan represented the following:

> Your Honor, Mr. Salone is not on my witness list. That's not an oversight, that was an intent based on his multi-day cross examination by Mr. Lujan in the felony 313-21 case where basically he has proved untrustworthy. I do not feel comfortable putting someone on the stand who has a great potential to perjure himself. That's why I'm not planning on bringing him in.

(Digital Recording at 10:47:16 (CF0314-21), Jul. 31, 2023). When asked about the cooperation agreement Salone was subject to by the court, AAG O'Mallan stated the following:

> It is a full cooperation plea agreement. But I mean based on his appearance on the witness stand in the other case I don't feel comfortable putting him on the stand. I don't think he's trustworthy.

*Id.* at 10:48:08. Then, when asked about whether or not the Government would be able to assist defense counsel in securing Salone's appearance for trial in CF0314-21, AAG O'Mallan responded:

> I mean, my concern is it almost feels like suborning perjury. This guy has indicated he's not trustworthy and that's why I was a little surprised by the request. But I can contact, I can make an attempt to contact Mr. Salone and see if he's willing to come back but I have no intention of using him.

*Id.* at 10:48:53. Subsequently, on October 24, 2023, Attorney Gavras emailed AAG Tenorio requesting the Government's assistance in securing the testimony of Salone at the upcoming trial. (Mot. Dismiss, Attachment). AAG Tenorio responded with the following statement:

> Based on Mr. Salone's prior testimony at the first trial, we believe this satisfied any obligation under his plea agreement. We are not in contact with Mr. Salone and we do not currently know of his whereabouts. We would have no objection to you using his prior testimony, as it would fall under a hearsay exception. However, it should be understood that the AG's office does not intend to suborn perjury.

---

[8] CF0314-21 is a separate pre-trial matter involving Defendant and is assigned to Judge Cenzon. Defendant is also represented by Attorneys Lujan, Phillips, and Gavras in that matter.

*Id.*

Contrastly, at the January 31, 2024 hearing in the instant matter, AAG Brown stated that if Salone were brought to Guam, he would want him to testify at trial. (Digital Recording at 3:09:40, Jan. 31, 2024) ("I have no objection to him testifying. If he is able to get on a plane and fly out here, I would love to have him testify again."). AAG Brown noted that Salone's testimony may have had inconsistencies but indicated that it was the inevitable result of having testified for over fourteen hours or so. *Id.* at 3:00:43; 3:09:32. Additionally, the Government's Opposition to the December 2023 Motion sets forth that "there are no guarantees that Salone did or did not commit perjury. Witnesses change their answers routinely without [there] being perjury." (Opp'n at 2, Dec. 19, 2023).

Neither AAG O'Mallan or AAG Tenorio are currently assigned to this matter, and AAG O'Mallan's statements were made in a completely separate matter. Their statements imply that Salone may have made perjurious testimony. The currently assigned Assistant Attorney General does not appear to have the same opinion. As this Assistant Attorney General will be handling the case at trial, the Court finds that his opinion regarding Salone as a witness should control, and further notes that the task of evaluating and weighing evidence and inconsistencies of testimony lies within the purview of the jury. Nonetheless, the Court also orders the Government to reconcile the statements made by the other prosecutors at the Office of the Attorney General. Should the Government formally change its position regarding Salone's trial testimony, it shall *immediately* inform the Court and defense counsel, and shall also specifically identify any known instances of perjury committed by Salone during his testimony. *See, e.g., California v. Trombetta*, 467 U.S. 479, 485 (1984) ("The most rudimentary of the access-to-evidence cases impose upon the prosecution a constitutional obligation to report to the defendant and to the trial court whenever government witnesses lie under oath.").

Lastly, AAG Brown represented to the Court at the January 31, 2024 hearing that the Government has made some efforts to contact Salone. This included contacting Attorney Cunliffe to see if Salone would be available for trial, noting the existence of the plea agreement and that he was still a witness in this case. (Digital Recording at 3:01:05, Jan. 31, 2024). AAG Brown

indicated that Salone advised him via email that he had young kids and was employed and would not be able to come back to Guam. *Id.* at 3:01:27. These statements clearly contrast those set forth in the email correspondence indicating that the Office of the Attorney General was not in contact with Mr. Salone and did not currently know of his whereabouts. AAG Brown further indicated that it was not a "for sure thing" that Salone would not come back but acknowledged he didn't really want to come back. AAG Brown represented that the Government could continue making efforts and additionally suggested that the Court hold a hearing with Attorney Cunliffe and Salone to fully ascertain whether or not Salone would be willing to return to Guam for trial.

At this time, because Defendant has asserted his right to a speedy trial and said trial is set to commence on April 30, 2024, there is limited time to coordinate off island witness testimony. The Court hereby orders the Government to continue its efforts to ascertain Salone's ability to immediately return to Guam to testify at trial in light of the provisions set forth in his deferred plea agreement and to advise the Court of said efforts at the Pre-Trial Conference set for Friday, April 19, 2024 at 10:00 a.m. The Court will also notice Salone's counsel to appear for the Pre-Trial Conference. Should Salone be unable to appear in person at trial, despite all reasonable efforts being made, the Court will further address the use of his prior trial testimony as an unavailable witness under Guam Rules of Evidence 804(a)(5) and (b)(1).[9]

---

[9] The Court acknowledges there is a preference for live testimony, as such testimony "gives the jury (or other trier of fact) the opportunity to observe the demeanor of the witness while testifying. . . . [T]hrough live testimony, and this procedure only, the persons who are to decide upon the evidence have an opportunity of observing the quality, age, education, understanding, behavior, and inclinations of the witness." *United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (citations omitted). "Demeanor is of the utmost importance in the determination of the credibility of a witness. . . . The demeanor of a witness . . . is 'wordless language.'" *Id.* (quoting *Gov't of Virgin Islands v. Aquino*, 738 F.2d 540, 548 (3d Cir. 1967)). Nonetheless, GRE 804 provides in relevant part:

> (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant --
> * * *
> > (5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means.
> * * *
> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

---

## CONCLUSION

For the foregoing reasons, the Court does not find the Government committed "flagrant prosecutorial misconduct" and DENIES the portions of Defendant's Motions that request dismissal. The Court, however, ORDERS the Government to continue its efforts to ascertain whether or not Salone is able to immediately return to Guam to testify at trial.

**IT IS SO ORDERED** this 17th day of April, 2024.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**

I acknowledge that an electronic copy of the original was e-mailed to:

AG, W.Gavras, M.Phillips, P.Lujan

Date: 4/17/24 Time: 9:51am

Antonio P. Cruz
Deputy Clerk, Superior Court of Guam

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Guam R. Evid. 804.

*People v. Moore*
Case No. CF0313-21
Decision and Order